HORMANN, SCHUTTE & CO. v. UNITED STATES.

UNITED STATES v. HORMANN, SCHUTTE & CO.

(Circuit Court of Appeals, Second Circuit. February 4, 1907.)

No. 92 (4,086).

1. CUSTOMS DUTIES—CLASSIFICATION—BUTTON MOLDS—BUTTON SHANKS.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 414, 30 Stat. 190 [U. S. Comp. St. 1901, p. 1674], for "button molds," includes articles commercially known as button shanks, consisting of pairs of metal disks so constructed that when a piece of cloth is placed on top of one of the disks, and they are subjected to pressure, a cloth-covered button is produced.

2. SAME—METAL BUTTON MOLDS.

Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 414, 30 Stat. 190 [U. S. Comp. St. 1901, p. 1674], provides that "buttons * * * and button molds * * * shall pay duty at the following rates," and the schedule of rates then prescribed mentions only "buttons." Held, that this provision for "buttons" should be construed as though reading "buttons and button molds," and that metal button molds should pay the rate assigned to metal buttons.

Cross-Appeals from the Circuit Court of the United States for the Southern District of New York.

Cross-appeals from order of the Circuit Court, reversing the decision of the Board of General Appraisers (G. A. 6,142, T. D. 26,687), who had affirmed the action of the collector in his assessment of duty on certain merchandise under the act of 1897.

The opinion of the court below is reported in 144 Fed. 707.

Everit Brown, for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The question involved in these appeals is as to the construction of paragraph 414 of Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 190 [U. S. Comp. St. 1901, p. 1674]. Said paragraph is as follows:

"Buttons or parts of buttons and button molds or blanks, finished or unfinished, shall pay duty at the following rates, the line button measure being one-fortieth of one inch, namely: Buttons known commercially as·agate buttons, metal trousers buttons (except steel), and nickel bar buttons, one-twelfth of one cent per line per gross; buttons of bone, and steel trousers buttons, one-fourth of one cent per line per gross; ·buttons of pearl or shell, one and one-half cents per line per gross; buttons of horn, vegetable, ivory, glass or metal, not specially provided for in this act, three-fourths of one cent per line per gross, and in addition thereto, on all the foregoing articles in this paragraph, fifteen per centum ad valorem; shoe buttons made of paper, board, papier mache, pulp or other similar material, not specially provided for in this act, valued at not exceeding three cents per gross, one cent per gross; buttons not specially provided for in this act, and all collar or cuff buttons and studs, fifty per centum ad valorem."

The articles in question consist of pairs of metal disks, so constructed that when a piece of cloth is placed on top of one of the disks, and the two are subjected to pressure, a cloth-covered button is produced. These pairs of disks are commercially known as button shanks. They are concededly "parts of buttons and button molds." The appraiser returned them as metal button molds or parts of metal buttons, and the collector assessed each pair at three-fourths of one cent per line per gross and 15 per cent. ad valorem. A line is one-fortieth of an inch, and is used as a unit of measurement from the center to the circumference of the disk. The importers protested against said assessment, claiming that the articles were dutiable either at only 15 per cent. ad valorem, under said paragraph 414, as one of the "foregoing articles" not covered by the word "buttons," or at 50 per cent. ad valorem, under said paragraph, as "buttons [or parts of buttons] not specially provided ·for," or at 45 per cent. ad valorem, under paragraph 193 of said act, as "articles * * * not specially provided for * * * composed * * * of * * * metal * * * partly or wholly manufactured." · The Board of General Appraisers overruled the protests, and affirmed the action of the collector, on the ground that the goods were metal molds, or parts of buttons. The importers appealed, and the court below reversed said decision, and held that the articles should be assessed at 45 per cent. ad valorem, under said paragraph 193 of the act. From this decision both parties appeal.

This case has been argued upon the fact, conceded by both sides, that these blanks are parts of buttons, and that it was the intention of Congress, as manifested by the language of said paragraph, that parts of buttons should be subjected to some duty. Counsel for the United States insists that the words "or parts of buttons" should be read into the paragraph wherever a class of buttons is provided for, and that then the relevant portions of the paragraph would read as follows:

"Buttons, * * * of metal [or parts of buttons of metal], * * * three-fourths of one cent per line per gross, and in addition thereto, on all the foregoing articles in this paragraph, fifteen per centum ad valorem."

But there are two objections to this construction. These disks are not parts of buttons of metal or of metal buttons, but of cloth-covered buttons, as distinguished from metal buttons, and therefore, as there is no specific provision for cloth-covered buttons, or parts thereof, they could only be assessed as parts of buttons, not specially provided for, at 50 per cent. ad valorem.

Again, if these disks should be thus assessed for duty as parts of buttons, each disk, being a part of a button, would pay the same rate of duty, according to line measurement, as a whole button.

We think these objections may be obviated, and the intention of Congress may be effectuated, by construing the provisions of the paragraph to refer to what these articles are proved and conceded to be; that is, not only parts of buttons, but something more, namely, button molds. The two witnesses testify that they are button molds, and one of the witnesses testifies as follows:

"Q. Do you call both parts of those things that match each other button molds, or do you call the two parts together button molds? A. The two parts together."

By this construction the pertinent portion of the paragraph may be applied as though it read "buttons [or parts of buttons, and button molds] .* * * of metal," and thus the intention of Congress is effectuated, while only one assessment of duty is laid on each pair of disks constituting a button mold.

The decision of the Circuit Court is reversed, and the decision of the Board of General Appraisers, affirming the action of the collector, is affirmed.